UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DRISKELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO DEPARTMENT OF<br>CHILD SUPPORT SERVICES, et al.,<br><br>    Defendants. | No. 2:17-cv-0008-GEB-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff Michael Driskell, who proceeds in this action without counsel, requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the reasons discussed below, the court concludes that the case should be dismissed without leave to amend and plaintiff's motion to proceed *in forma pauperis* be denied as moot.

    Liberally construed, plaintiff's complaint alleges that he had a child with a woman to whom he was not married in 1999. Plaintiff claims that, despite acknowledging his parental

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

responsibilities and acting as the child's primary caregiver, the Sacramento County Department of Child Support Services ("DCSS") and its attorney, Jack Mills, maliciously prosecuted plaintiff for child support over a period of 14 years, resulting in suspension of plaintiff's driving privileges, loss of job opportunities and potential income, destruction of plaintiff's credit, and severe emotional distress.  According to plaintiff, DCSS refused to consider documentation provided by plaintiff, threatened the child's mother with loss of benefits if she did not cooperate in the DCSS prosecution, and conspired with the Sacramento Family Court commissioner to effectuate the prosecution.  Plaintiff alleges that he is African American, and that the prosecution was based on a racial vendetta against him.  Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his civil rights, as well as state law claims for malicious prosecution and intentional infliction of emotional distress against three defendants:  DCSS; attorney Jack Mills; and an unidentified Sacramento Family Court commissioner.  Plaintiff seeks $800,000.00 in compensatory damages and $2,000,000.00 in punitive damages.  (See generally ECF No. 1.)

      This is not the first time that plaintiff has brought his child support grievances to this court.  On May 21, 2008, plaintiff filed a lawsuit alleging "years of abuse by Sacramento County's Dept of Child Support Services and their attorney Jack O Mills" with respect to plaintiff's child support case, purportedly resulting in suspension of his driver's license, loss of several employment offers and potential income, ruination of his credit, and mental anguish.  (See 2:08-cv-1118-JAM-DAD, ECF No. 1.)  Subsequently, on April 16, 2009, this court dismissed the earlier action with prejudice.  (Id., ECF Nos. 5, 6.)[2]

      After examining this court's records, the court finds that plaintiff's claims against DCSS and Mills are barred by the doctrine of claim preclusion.  Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action....The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation

---

[2] A court may take judicial notice of court filings and other matters of public record, which are not subject to reasonable dispute.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). In this case, there can be no serious dispute that there was a final judgment on the merits in the prior case (the prior case was dismissed with prejudice) and that identity or privity between parties exists (DCSS and Mills were the focus of plaintiff's allegations in both complaints). The only question is whether there is an identity of claims.

The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

Here, plaintiff's claims in both actions are based on the same alleged malicious prosecution for child support benefits (through suspension of plaintiff's driver's license, a purported conspiracy or cooperation between DCSS and the Family Court, a refusal to consider evidence, threats to the child's mother, ruination of plaintiff's credit, and preventing plaintiff from finding more lucrative employment and better income). As such, both actions arise out of the same transactional nucleus of facts, both actions involve alleged infringement of the same type of rights, substantially the same evidence would be involved in both actions, and the rights or interests established in the prior judgment would be destroyed or impaired by allowing plaintiff to prosecute the instant action. To be sure, in the prior action, plaintiff proceeded under a theory

1   of sex discrimination whereas he presently primarily alleges racial discrimination.  Nevertheless,
2   plaintiff's claim of racial discrimination is merely a new legal theory arising from the same
3   transactional nucleus of facts and could have been raised in the prior action.  See Owens, 244
4   F.3d at 713-14; C.D. Anderson & Co., 832 F.2d at 1100.

5         Consequently, plaintiff's claims against DCSS and Mills are barred by the doctrine of
6   claim preclusion.

7         As noted above, in the prior action, plaintiff also alleged misconduct by the Family Court,
8   whereas his present complaint names an unidentified Sacramento Family Court commissioner.
9   Even assuming, without deciding, that the doctrine of claim preclusion does not apply to the
10  commissioner, he or she is immune from liability for damages derived from decisions made when
11  presiding over plaintiff's child support case.  See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th
12  Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from
13  damage liability for acts performed in their official capacities…Judicial immunity applies
14  however erroneous the act may have been, and however injurious in its consequences it may have
15  proved to the plaintiff."); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) ("As a person
16  performing 'judge-like functions' that were not clearly outside the scope of his jurisdiction,
17  Commissioner Schwartz is judicially immune from damage liability in this action.").  The fact
18  that plaintiff alleges a conspiracy between the commissioner and DCSS with respect to the
19  prosecution of plaintiff's child support payments also does not impact the commissioner's
20  immunity.  Ashelman, 793 F.2d at 1078 (noting that "a conspiracy between judge and prosecutor
21  to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does
22  not pierce the immunity extended to judges….").

23        As such, plaintiff's claim against the unidentified court commissioner is likewise not
24  viable.

25        The court has carefully considered, especially given plaintiff's *pro se* status, whether
26  leave to amend should be granted.  However, in light of the nature of plaintiff's claims, which are
27  barred by claim preclusion and/or asserted against an immune defendant, the court finds that
28  granting leave to amend here would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.

2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of those findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: January 12, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5